IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK TULLIS, # N-42979,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-697-NJR |
| ) | |
| **J. PHIL GILBERT,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 45-year sentence for murder and a 15-year sentence for involuntary manslaughter. His complaint, however, has nothing directly to do with his incarceration. Instead, he claims that United States District Judge J. Phil Gilbert, who is presiding over another pending case brought by Plaintiff in this Court (*Tullis v. Shaw, et al.*, Case No. 14-cv-70-JPG), has violated his civil rights in connection with that case.

Plaintiff's entire statement of claim is as follows:

1. 1st Amendment was violated by dening [sic] Plaintiff access to U.S. Dist. Court to redress grievances of I.D.O.C.
2. 8th Amendment was violated by Defendant by going along with I.D.O.C. denial of Plaintiff's medical treatment
3. 14th Amendment was violated by dening [sic] Plaintiff due process and access to U.S. Dist. Court.

(Doc. 1, p. 4). As relief, Plaintiff asks that Judge Gilbert be removed from Case No. 14-cv-70-JPG and pay him compensatory damages for denying Plaintiff his rights (Doc. 1, p. 5).

Plaintiff also attaches several notices of electronic filing for documents in Case No. 14-

cv-70-JPG. These reveal that on February 19, 2014, Plaintiff was ordered to submit an amended complaint in that case, limited to Counts 1-3, 6, and 8 of that action as designated by the Court (Doc. 1, p. 6; Doc. 7 in Case No. 14-cv-70-JPG). Plaintiff filed an amended complaint on March 7, 2014, and then filed a second amended complaint on May 12, 2014 (Doc. 1, pp. 10, 14). In the interim, he filed a motion for status hearing, motion for case management hearing, motion for substitution of judge for cause, and a motion for service of process at government expense (Doc. 1, pp. 10-13). Those motions are still pending before the Court.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint (Doc. 1), the Court concludes that this action is subject to summary dismissal.

The crux of Plaintiff's complaint is that Defendant Judge Gilbert has denied Plaintiff access to the court in Case No. 14-cv-70-JPG. The record is clear in that case, however, that Judge Gilbert allowed Plaintiff the opportunity to correct the defects in his initial pleading by submitting an amended complaint. Plaintiff's amended pleading is currently undergoing a merits review by the Court pursuant to 28 U.S.C. § 1915A, and the case is still pending. Far from denying Plaintiff access to the court, he has been given another chance to state five of his claims with more specificity, so that the Court may determine whether they survive § 1915A scrutiny.

The claim that Judge Gilbert has "gone along with" the denial of Plaintiff's medical treatment likewise has no merit – it has yet to be determined, based on Plaintiff's amended complaint in Case No. 14-cv-70-JPG, whether Plaintiff has any viable claim. If one or more of

his claims pass the § 1915A review, that case will proceed for further consideration by the Court. Therefore, Plaintiff's constitutional claims against Defendant Judge Gilbert are completely frivolous and without merit.

Equally important to the dispensation of this case is the fact that judges, when they are sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Plaintiff's dissatisfaction with the orders entered by Judge Gilbert in Case No. 14-cv-70-JPG, or with the progress of that case, forms the entire basis for the complaint herein. Every action taken by Judge Gilbert in that case is a judicial act. Therefore, the doctrine of absolute judicial immunity protects him from civil liability and dictates that this case must be dismissed with prejudice.

Plaintiff should be aware that the proper way to raise any objections he may have to the orders entered in Case No. 14-cv-70-JPG is through a motion or appeal filed in that case, at the proper time. Because no merits review order has yet been entered regarding the amended complaint in that action, Plaintiff would be well advised to wait until he receives that order before deciding what, if any, next steps he might take.

As a final matter, the Court observes that Plaintiff failed to list all of his prior lawsuits[1] in

---

[1] Plaintiff disclosed one prior suit in this Court, *Tullis v. Martin, et al*., Case No. 12-cv-107-GPM-DGW (dismissed Sept. 20, 2013), but failed to mention his pending case in the Central District, *Tullis v. Dozier*, Case No. 13-cv-3011 (filed Jan. 11, 2013, and transferred from S.D. Ill. Case No. 13-cv-44-GPM), or three dismissed cases in the Northern District of Illinois, *Tullis v. DeTella, et al.*, Case No. 96-cv-4979 (dismissed Aug. 22, 1996); *Turner-El, et al., v. Washington, et al.*, Case No. 97-cv-22 (dismissed Sept. 11, 1997); and *Tullis v. DeTella, et al.*, Case No. 98-cv-352 (dismissed March 21, 2000). The Court has consulted the Public Access to

the instant complaint, despite being instructed to do so (Doc. 1, p. 2). This omission alone would justify dismissal of the action. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Plaintiff is **ADVISED** that if he should file any future action in this Court in which he fails to fully disclose his litigation history, his new case shall be subject to dismissal.

**Pending Motions**

Because this action shall be dismissed, all pending motions are **DENIED AS MOOT**.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to

---

Court Electronic Records ("PACER") website (www.pacer.gov) to determine Plaintiff's litigation history. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: July 9, 2014**

*Nancy J. Rosenstengel*
Digitally signed by Nancy J Rosenstengel
Date: 2014.07.09 10:08:59 -05'00'

Nancy J. Rosenstengel
United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).